# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN JANES,

        *Plaintiff*,

vs.

LEADERONE FINANCIAL
CORPORATION,

        *Defendant.*

Case No. 11-2458-EFM

## MEMORANDUM AND ORDER

    Defendant LeaderOne Financial Corporation seeks dismissal of Plaintiff Brian Janes's complaint in which Janes, on behalf of himself and all others similarly situated, alleges violations of the Fair Labor Standards Act (FLSA), the Kansas Minimum Wage and Maximum Hours Law (KMWMHL), and the Kansas Wage Payment Act (KWPA).[1] LeaderOne contends that Janes is an outside salesman exempt from these acts. A court does not consider evidence on a motion to dismiss but rather only considers the complaint. Because LeaderOne's argument would require the Court to consider evidence outside of the complaint and Janes adequately states a claim, the Court denies LeaderOne's motion to dismiss.

---

[1] Doc. 4.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[2] A court does not weigh potential evidence on a Rule 12(b)(6) motion but rather determines "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[3] The Court assumes all well-pleaded facts in the complaint are true and views those facts in the light most favorable to the plaintiff.[4] Allegations that merely state legal conclusions, however, need not be accepted as true.[5]

LeaderOne asserts that Janes fails to state a claim because it is allegedly undisputed that Janes is employed in "outside sales" and thus exempt from the FLSA and KMWMHL.[6] But LeaderOne relies on an affidavit and an "Outside Sales Consultant Employment Agreement" attached to its motion as proof that Janes is in "outside sales." As noted above, a motion to dismiss must be decided on the facts in the complaint.

Looking at the complaint, it does not allege that Janes worked in "outside sales" but rather alleges that Janes worked as a "loan originator" with LeaderOne from approximately February 2010 to December 2010. Although Janes's complaint only asserts that he is a loan originator, without any further elaboration on his job responsibilities, the Court will not add additional facts from LeaderOne's exhibits to supplement, or change, the complaint to state that Janes is in "outside sales." This is particularly so because Janes submits an affidavit with his reply controverting several

---

[2]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3]*Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

[4]*Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

[5]*See Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

[6]The FLSA contains an exemption for employees in "outside sales," while the KMWMHL's definition for employees excludes outside-commission-paid salesmen.

of LeaderOne's facts.

LeaderOne also contends that the complaint has only alleged but not shown that Janes is entitled to relief. Janes, however, does not have to prove his case in his complaint. Several courts, including the District of Kansas, have determined that complaints containing allegations similar to the allegations in Janes' complaint are sufficient to state a claim under the FLSA.[7] In *Chao v. Rivendell Woods, Inc.*,[8] a case discussing the sufficiency of a complaint's factual allegations regarding an FLSA claim brought by the Secretary of Labor, the Fourth Circuit Court of Appeals noted:

[A] complaint need not "make a case" against a defendant or "*forecast evidence* sufficient to *prove* an element" of the claim. It need only " *allege facts* sufficient to *state* elements" of the claim. Thus, the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant "to prepare a defense," but merely "whether the document's allegations are detailed and informative enough to enable the defendant to respond."[9]

In this case, Janes contends that he was a loan originator and paid solely on a commission basis. In his complaint, he claims that he, and similarly-situated loan originators, are (1) not exempt from the right to receive overtime pay, and (2) that LeaderOne violated the FLSA through its policy and practice of refusing to pay him the appropriate rate for work performed in excess of forty hours per week. Janes also alleges that LeaderOne violated the KMWMHL through its policy and practice of refusing to pay him the appropriate rate for work performed in excess of forty-six per week.

---

[7] *See Solis v. La Familia Corp.*, 2011 WL 2531140, at *4 (D. Kan. June 24, 2011) (stating that "in a straightforward unpaid compensation case such as this, the complaint need only allege that the defendant has violated the FLSA through its policy and practice of refusing to pay employees the appropriate amount of compensation in order to satisfy Rule 8's requirements."). *See also McDonald v. Kellogg Co.*, 2009 WL 1125830, at *1-2 (D. Kan. Apr. 27, 2009) (compiling cases that discuss notice pleading under Fed. R. Civ. P. 8(a) when bringing an FLSA claim).

[8] 415 F.3d 342 (4th Cir. 2005).

[9] *Id*. at 349 (citations and quotations omitted) (emphasis in original).

Janes's complaint contains enough factual allegations to state a claim that is plausible and for LeaderOne to be put on notice of the alleged misconduct. Accordingly, the Court denies LeaderOne's motion to dismiss these two claims.

Finally, as to the KWPA claim, LeaderOne contends that the Court must dismiss it if the FLSA and KMWMHL claims are dismissed. Because the Court did not dismiss those claims, the KWPA claim remains as well.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2011.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT COURT